Nicholas M. Gross (SBN 285403)
grossn@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4357
Facsimile: 424.204.4350

*Attorney for Defendant Diamond Resorts Hawaii Collection Development, LLC*

Kristin L. Walker-Probst (State Bar No. 206389)
Kristin.Walker-Probst@wbd-us.com
Nicole Y. Su (State Bar No. 298973)
Nicole.Su@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone:  714-557-3800
Facsimile:   714-557-3347

*Attorney for Defendant Diamond Resorts Hawaii Collection Members Association*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA B. GARCIA,<br><br>            Plaintiff,<br><br>     v.<br><br>APOLLO GLOBAL MANAGEMENT, INC.; et al.,<br><br>            Defendants. | CASE NO.  2:19-cv-10168-GW-E<br><br>**JOINT REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Judge: George H. Wu<br>Date:   Thursday, February 20, 2020<br>Time:  8:30 a.m.<br>Courtroom:  9D |

Defendants Diamond Resorts Hawaii Collection Development, LLC ("Diamond Collection") and Diamond Resorts Hawaii Collections Development LLC ("Diamond Members Association") (collectively, "Diamond") submit this reply brief

in support of their motion to dismiss [ECF Nos. 11 and 14] plaintiff Ana B. Garcia's ("Garcia") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Garcia's untimely opposition to Diamond's motion to dismiss (the "Opposition") confirms, that her issues with Diamond are basically a customer service complaint and do not amount to a proper cause of action. See generally ECF No. 25. Neither Garcia's Complaint nor her Opposition demonstrates how or why her claims should be maintained in this Court. Garcia's Complaint alleges five causes of action— 1) breach of contract; 2) fraud; 3) conversion; 4) accounting; and 5) intentional infliction of emotional distress—all of which allegedly stem from a timeshare membership agreement between herself and Diamond.[1] See ECF No. 1-1 at 5-14 (the "Complaint"); see also ECF No. 11-1 at 5-9 (the "Membership Agreement"). On December 20, 2019, Diamond Collection moved to dismiss Garcia's claims because she failed to name the real party in interest and because she failed to state any claims against Diamond upon which relief may be granted. See generally ECF No. 11 (the "Diamond Collection Motion"). On January 3, 2020, Diamond Members Association moved to dismiss Garcia's claims on the same grounds. See generally ECF No. 14. (the "Diamond Members Association Motion"). The two motions are hereinafter referred to collectively as the "Motions".

As a threshold issue, the Opposition fails to address the fact that the party to the Membership Agreement – Diamond Resorts International, Inc. – is not named in this lawsuit. Further, Garcia's Opposition reiterates that no breach of the Membership Agreement occurred. Likewise, nothing in the Opposition demonstrates a sufficient basis for her fraud claim. To the contrary, Garcia appears to admit that no fraud

---

[1] Technically, the Membership Agreement is between Garcia and Diamond Resorts International, Inc., although that entity has not been named as a defendant here. However, Diamond is an indirect wholly owned subsidiary of Diamond Resorts International, Inc. See ECF 11-1 at 2, ¶¶ 4-5.
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

occurred. ECF No. 25 at 5 ("(2) is not a fraud…"). Similarly, she fails to address any of the issues raised by Diamond in their Motions regarding the pleading deficiencies of her conversion, accounting, and intentional infliction of emotional distress claims. Garcia's grievances with Diamond arising out of the Membership Agreement are better resolved by Diamond's customer service department rather than a court of law.

Because Garcia's Complaint is devoid of sufficient allegations to plausibly establish any of the elements of any of her causes of action, the Court must dismiss her claim.

## II. ARGUMENT

### A. Though Garcia is proceeding pro per, she is still bound by the pleading standards set forth in Fed. R. Civ. P. 8.

Even considering her pro per status, Garcia's Opposition does nothing to overcome the pleading standards under Fed. R. Civ. P. 8, which obligate a plaintiff "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).

Here, Garcia relies solely on conclusions as it relates to her breach of contract claims by failing to demonstrate how or why the Membership Agreement was breached. For example, Garcia asserts that after signing the Membership Agreement "she realized that she was restricted to only those options listed" on the Membership Agreement for the entire two years her sampler membership was active. ECF No. 25 at 4. She further alleges, that "every time [she] tried to set up a vacation, [she] was told that there were no rooms available." These allegations do not sufficiently articulate a breach of the Membership Agreement. Simply concluding that there was a "breach of written contract"—is wholly insufficient by the standards articulated in Twombly to properly plead a claim for relief. ECF No. 25 at 5.

Indeed, the terms and conditions of the Membership Agreement, which Garcia expressly acknowledged by separate initials, indicate: "You may become a Member by purchasing 'Sampler Points,' which allows the [sic] You to reserve

3
JOINT REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

accommodations in any of the following "Sampler Destinations" on **a space available basis**[.]" ECF 11-1 at 6 (emphasis added). Further, "[a]ll reservations are made on a first-come, first-served basis and are subject to availability." Id. Because the four corners of the parties' contract indicate stays are subject to availability, the mere dissatisfaction with being unable to book a preferred destination on a preferred date cannot be the basis of a breach of contract claim.

Further, Garcia admits in her Opposition that she actually **was able** to book a stay using her Membership Agreement. See ECF No. 25 at 4. Accordingly, even if Garcia's Opposition served to fill in the gaps of her insufficient pleading – *which it does not* – Garcia's breach of contract claim must fail because she received the benefit of the Membership Agreement by actually using it.

Similarly, Garcia's Opposition does nothing to correct the deficiencies related to her other claims—fraud, conversion, accounting, and intentional infliction of emotional distress. See generally ECF No. 1-1. Fraud requires that a plaintiff plead every element—false representation, made knowingly with the intent to defraud, justifiable reliance, and damages—with enough specificity to allow the defendant to understand the nature of the fraudulent statements. Stansfield v. Starkey, 220 Cal. App. 3d 59, 72-73 (Ct. App. 1990); see also Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, 57 Cal. App. 3d 104, 109 (1976) (articulating the specificity requirement when a party alleges fraud). Garcia's allegations of fraud remain deficient for the reasons articulated in the Motions—her Complaint is extraordinarily vague and lacks the requisite specificity for an actionable cause of action for fraud. See ECF No. 11 at 11-12. Likewise, in her Opposition, Garcia appears to rescind her fraud claim altogether. See ECF No. 25 at 5. Furthermore, Garcia's Opposition wholly fails to address the issues raised by Diamond's Motions related to her claims for an accounting, conversion and intentional infliction of emotional distress. Because Garcia has failed to articulate any cognizable claims against Diamond, the Court must dismiss this action.

4

JOINT REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

### B. Garcia's Opposition demonstrates that her claim is in fact a customer service complaint.

Garcia's Opposition reveals that the gist of her grievance—her failure to book reservations at her desired locations whenever she wanted—is in fact a customer service complaint rather than any cognizable legal claim. As Diamond stated in their Motions and reiterates above, the Membership Agreement clearly indicates that reservations would be made on a first come, first serve basis, subject to availability. ECF 11-1 at 6. In her Opposition, Garcia asserts that she expected "to have [a] good time" on her vacations rather than "bad times." ECF No. 25 at 2. Similarly, she asserts her experience booking reservations constituted mere annoyance because she had to "spend time within the family planning and scheduling the right place and time" to book her vacation. Id. at 4. These grievances do not give rise to any legal claims. Neither Garcia's expectations nor her annoyance in having to plan her vacations are a basis upon which any of her stated claims can be maintained. Further, Garcia admits that she was able to book a trip under her Membership Agreement; thus, she received some benefit of the contract that she signed. Now, she expects Diamond to compensate[2] her because her expectations were not met. This is an absurd proposition.

## III. CONCLUSION

Garcia's Opposition and Complaint fail to reveal any plausible claims for which Diamond may be liable. Garcia is barred from asserting a breach occurred as the Membership Agreement clearly indicates that reservations to available destinations are made on a first come, first serve basis. Moreover, Garcia admits that she was able to book at a destination under the Membership Agreement, thus obtaining the benefit of her contract. Similarly, Garcia's Opposition does not rectify any of the pleading deficiencies with her remaining claims. For the reasons stated

---

[2] In her Opposition, Garcia reveals that the amounts she originally prayed for in the Complaint may have been "extreme" and is perhaps closer to $7,894.09. ECF No. 25 at 5. This variation from her Complaint—wherein she requested more than $150,000—seriously calls into question the veracity of any of her claims.

above and in the Motions, Garcia's claims must be dismissed.

Dated: February 6, 2020.                    Respectfully submitted,

                                            BALLARD SPAHR LLP

                                            By: *s/ Nicholas M. Gross*
                                                Nicholas M. Gross (SBN 285403)
                                                grossn@ballardspahr.com
                                                2029 Century Park East, Suite 800
                                                Los Angeles, CA 90067-2909
                                            *Attorney for Defendant Diamond Resorts Hawaii Collection Development, LLC*

Dated: February 6, 2020.                    Respectfully submitted,

                                            WOMBLE BOND DICKINSON (US) LLP

                                            By: *s/ Nicole Y. Su*
                                                Nicole Y. Su (SBN 298973)
                                                Nicole.su@wbd-us.com
                                                400 Spectrum Center Drive, Suite 1700
                                                Irvine, CA 92618
                                            *Attorney for Defendant Diamond Resorts Hawaii Collection Members Association*

BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 6, 2020, a copy of JOINT **REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

The Plaintiff was also served by U.S. Mail at his address of record.

*/s/ Nicholas M. Gross*

BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

7
JOINT REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT